# DONNELLY & ASSOCIATES, P.C.

JOHN J. DONNELLY, JR*
BRIAN J. MADDEN*
MICHAEL R. SMALL•
GREGORY J. MANN*
BRIAN P. MCGOVERN
SCOTT J. MACDOUGALL*
JOHN REED EVANS*

OF COUNSEL
  STEPHEN J. BRITT*

*ADMITTED IN PA & NJ
•ADMITTED IN PA & CT

ATTORNEYS AT LAW
ONE WEST FIRST AVENUE
SUITE 450
CONSHOHOCKEN, PENNSYLVANIA 19428

WWW.DONNELLYANDASSOCIATES.COM
_____

(610) 828-2300
FAX: (610) 828-8340

NEW JERSEY OFFICE

619 WHITEHORSE PIKE
AUDUBON, NJ 08106
(610) 828-2006

BRIAN P. MCGOVERN
DIRECT DIAL: (610) 828-1570
BMCGOVERN@DONNELLYANDASSOCIATES.COM

October 12, 2018

The Honorable Mitchell S. Goldberg
U.S.District Court, Eastern District of Pennsylvania
601 Market Street
Courtroom 4-B, Room 7614
Philadelphia, PA 19106

  Re: *Joseph Fusco v. Cavanaugh's Restaurant and Bar et al*
     Eastern District of Pennsylvania, No. 2:17-cv-00036-MSG
     DOL:  12/22/2016

Dear Judge Goldberg:

  I represent defendant, 39th and Sansom Street Corp. t/a Cavanaugh's ("Cavanaugh's") with regard to the above referenced lawsuit. I request a Pre-Motion Conference pursuant to your 12(b) Procedural Order.

  Count V of the Plaintiff's Amended Complaint is directed against defendant Cavanaugh's in the form of a dram shop cause of action. Plaintiff's allegations against Cavanaugh's are contained in Paragraph 184(a)-(s). The plaintiff's exclusive remedy against defendant, Cavanaugh's, as a liquor licensee, is limited to the Pennsylvania Dram Shop Act, 47 P.S. § 4-493 (1). According to 47 P.S. § 4-493 (1), liability against a licensed server of alcoholic beverages only applies if a patron is served alcoholic beverages while visibly intoxicated. In <u>Hiles v. Brandywine Club,</u> 662 A. 2d 16, 19 (Pa.Super.Ct.1995), the Supreme Court of Pennsylvania held that § 4-493(1) is the only enumerated unlawful act which has been used as a basis for liability on licensees for injuries to a licensees' customer. The Pennsylvania Liquor Code provides not only a basis for liability, i.e. sales to a visibly intoxicated patron, but it also restricts liability under those exact circumstances. See <u>Kortum v. 1K Second Street Associates</u> 123 Dauphin Rep. 463 (Dauphin cty 2008): <u>Cassel v. The Mechanicsburg Club</u> 66 Cumb, 115 (2017).

  Consequently, liability against a liquor licensee such as defendant, Cavanaugh's, for a dram shop cause of action only applies if there is a statutory violation of 47 P.S. § 4-493 (1), sales of alcohol to a visibly intoxicated patron. The plaintiff plead a violation of 47 P.S. § 4-493 in the Complaint Paragraph 184(d). Additionally, the plaintiff plead that Cavanaugh's sold

alcoholic beverages to the plaintiff while he was visibly intoxicated at Paragraph 184(a). These two well plead paragraphs provide a basis for liability under the statute against Cavanaugh's. The other remaining averments of Paragraph 184 in Count IV of Plaintiff's Complaint do not provide a basis for liability pursuant to a dram shop cause of action and should be stricken pursuant to F.R.C.P. 12(b)(6) as they fail to state a claim upon which relief can be granted.

At Plaintiff's Complaint in Paragraphs 184(e) through 184(m), "policy and procedure" type of averments are plead that do not provide a viable basis for liability pursuant to 47 P.S. § 4-493 (1). As set forth above, the only basis for liability pursuant to code is whether plaintiff, Joseph Fusco, was sold alcohol at Cavanaugh's while he was visibly intoxicated. Accordingly, these Paragraphs should be stricken pursuant to F.R.C.P. 12(b)(6) as they fail to state a claim upon which relief can be granted in this matter.

In Paragraphs 184(n), 184(o) and 184(p), it is plead that Cavanaugh's was negligent for allowing the plaintiff to exit the establishment, failing to have a policy helping patrons sober up before exiting the establishment and failing to have a policy to help persons reach their home in safety by providing them transportation. These averments seek to impose duties on a business owner that far exceed any statutory duties imposed by the Pennsylvania Liquor Code. See *Druffner v. O'Neill* 2011 U.S. Dist. LEXIS 31146 (E.D. Pa. March 24, 2011) – a licensed server of alcohol does not have a duty to secure a patron a ride home and cannot prevent a visibly intoxicated patron from leaving the bar; see also *Moranko v. Downs Racing LP,* 2015 Pa. Super. 137, 118 A.3d 1111 (2015) - valet service has no duty to prevent a visibly intoxicated person from driving and/or withholding an intoxicated persons keys. Accordingly, these paragraphs do not state a claim upon which relief can be granted and should be stricken.

Accordingly, it is requested that all sub-paragraphs of 184 except for 184(a) and 184(d) be stricken from the Complaint pursuant to F.R.C.P. 12(b)(6).

In the Plaintiff's Amended Complaint in Count I, it is plead that all defendants including, defendant, Cavanaugh's were reckless and/or committed recklessness in paragraphs 166 and 167. The language of reckless and/or recklessness could trigger punitive damages. Under Pennsylvania Law, "punitive damages may be awarded for conduct that is outrageous because of the defendants evil motive or reckless indifference to the rights of others." See *Feld v. Merriam* 485 A.2d 742, 747 (1984). Punitive damages are appropriate only when an individual's action are of such an outrageous nature to demonstrate intentional, willful, wanton, or reckless conduct See *Slappo v. J's Development Associates. Inc.,* 791 A. 2d 409 (Pa. Super. Ct. 2002). In the instant matter, the Plaintiff's Amended Complaint fails to articulate specific facts to explain how Cavanaugh's conduct, by and through its employees, was so outrageous to justify punitive damages. The Plaintiff's Amended Complaint pleads statutory violations as well as negligence against Cavanaugh's regarding the sale of alcohol. Punitive damages may not be awarded for misconduct which constitutes ordinary negligence such as inadvertence, mistake and errors of judgment. See *McDaniel v. Merck, Sharp & Dohme* 533 A.2d. 436, (Pa.Super.Ct.1987). Due to the absence of facts plead to support any allegations of punitive damages, it is requested that the language of reckless and/or recklessness against Cavanaugh's be stricken pursuant to F.R.C.P. 12(b)(6).

      Thank you for your courtesy in reviewing this submission which is an attempt to narrow the issues in this matter.

      I look forward to speaking with you and counsel during the Pre-Motion Conference.

                                    Very truly yours,

                                    **DONNELLY & ASSOCIATES, P.C.**

                                    *Brian P. McGovern*
                                    BRIAN P MCGOVERN, ESQUIRE

BPM/aeo
cc: Matthew A. Luber, Esquire
Christian V. McOmber, Esquire
R. Armen McOmber, Esquire
Madeline S. Baio, Esquire
Andrew P. Carroll, Esquire
Major C. Fuller